IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> INTEGRAL SEAFOOD LLC and CITRA MINA SEAFOOD CORPORATION also known as CITRA MINA SEAFOOD MARKET, <br><br> Defendants. <br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CV. NO. 06-00182 BMK <br><br> ORDER DENYING WITHOUT PREJUDICE DEFENDANT INTEGRAL SEAFOOD, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

ORDER DENYING WITHOUT PREJUDICE DEFENDANT INTEGRAL
SEAFOOD, LLC'S MOTION TO DISMISS FOR
<u>LACK OF PERSONAL JURISDICTION</u>

    Before the Court is Defendant Integral Seafood LLC's motion to dismiss for lack of personal jurisdiction. This motion was heard October 27, 2006. After careful consideration of the motion, memoranda supporting and opposing the motion, and arguments of counsel, the Court hereby DENIES WITHOUT PREJUDICE Defendant's motion. Plaintiffs have asked for, and are entitled to, jurisdictional discovery in order to show personal jurisdiction. Defendant may renew its motion to dismiss once jurisdictional discovery has been completed.

## BACKGROUND

Plaintiffs William R. Kowalski ("Kowalski") and his company Hawaii International Seafood, Inc. ("HISI") have filed an action against Defendants Citra Mina Seafood Corporation ("Citra Mina") and Integral Seafood, LLC ("Integral") for infringement of a patent issued to Kowalski on October 26, 1999, U.S. Patent No. 5,972,401 ("the Kowalski Patent"). The Kowalski Patent protects a process for smoking fish at extra-low temperature to allow the food to retain its fresh color without imparting the taste of smoke. Plaintiffs allege that Citra Mina and Integral sell fish that is smoked according to this patented process.

Citra Mina is a Phillipines corporation owned by Joaquin Lu, a Phillipine national. Integral is a Delaware corporation with its principal office in New Jersey, and is managed by Carols Lu, the brother of Joaquin Lu. Integral now moves that the claims against it be dismissed for lack of personal jurisdiction.

## LEGAL STANDARD

Personal jurisdiction may be exercised where both the state long-arm statute and the due process requirements of the Constitution are satisfied. Silent Drive v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003). Hawaii's long-arm statute allows personal jurisdiction to the extent allowed by due process. See Hawaii Revised Statutes Annotated § 634-35 (2005). In patent infringement cases,

the issue of whether exercise of personal jurisdiction comports with due process will be governed by Federal Circuit Law. Silent Drive, 326 F.3d at 1201.

Due process allows a court to exercise general jurisdiction over a defendant who has "systematic and continuous" contacts with the forum state. Int'l Shoe v. State of Washington, 326 U.S. 310, 320 (1945). Alternatively, a court may exercise specific jurisdiction over a defendant where (1) the defendant has purposefully directed its activities towards the forum state, (2) the action arises out of these purposefully directed activities, and (3) jurisdiction is also reasonable and fair. Akro Corp. v. Luker, 45 F.3d 1541, 1546-47 (Fed. Cir. 1995).

One method of determining whether a defendant has purposefully directed its activities towards the forum state is to assess the "effects" of those activities on the forum state. Calder v. Jones, 465 U.S. 783, 789 (1984). In Calder, the effects caused in California by the "intentional, and allegedly tortious, actions" of the defendants in targeting a prominent and well-known California resident in a magazine article they authored created a sufficient grounds for personal jurisdiction because their actions were "expressly aimed at California." 465 U.S. at 789.

Some circuits have created an "effects" test to determine whether specific jurisdiction exists under Calder. The Ninth Circuit has the most highly

developed of these tests.  In the Ninth Circuit, a forum has jurisdiction over a defendant who has "(1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state."  Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1087 (9th Cir. 2000).  In Bancroft & Masters, the effects test was met where the Georgia defendant's letter to a third party challenged the California plaintiff's domain name because it constituted an intentional, "individualized targeting" of the California plaintiff.  Id.  Where there is no individualized targeting, however, but merely an action that causes a "foreseeable effect" in the forum state, the effects test will not be met.  Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1158 (2006).[1]

        The Federal Circuit, while recognizing and applying the effects test of other circuits, has never developed its own independent effects test.  See Silent Drive v. Strong Industries, Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003) (applying the Eight Circuit's effects test in a supplemental non-patent claim controlled by Eight Circuit law to find that the United States District Court for the Northern

---

[1]Some other circuits have limited Calder's reach more sharply than the Ninth Circuit.  See Wallace v. Herron, 778 F.2d 391, 394-95 (5th Cir. 1985) (finding that "the so-called 'effects' test" did not go so far as to provide an Indiana court with personal jurisdiction over California residents who had allegedly engaged in the intentional tort of malicious prosecution of an Indiana resident by filing suit against him in California, even though the California defendants served interrogatories on the Indiana plaintiff).

District of Iowa had specific jurisdiction over Texas defendants who obtained, and sought to enforce, a Texas state court injunction against the Iowa plaintiff).

When a motion to dismiss is brought prior to discovery, a plaintiff is required "only to make a prima facie showing" of jurisdiction. Silent Drive, 326 F.3d at 1201, *quoting* Denapryl Animal Health, Inc. v. Univ. of Toronto Innovation Found., 297 F.3d, 1343 at 1348 (2002). If a district court finds that "the existing record is insufficient to support personal jurisdiction," the plaintiff is "entitled to jurisdictional discovery." Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1283 (Fed. Cir. 2005).

## DISCUSSION

Defendant Integral has moved that the claims against it be dismissed for lack of personal jurisdiction. Plaintiffs concede that the Court does not have general jurisdiction over Integral, but argue that the Court does have specific personal jurisdiction based on two grounds: (1) the effects test of Calder v. Jones, and (2) the relationship between Integral and other entities over which the Court does have jurisdiction. Because the Court has insufficient information before it to determine whether Integral is sufficiently related to other entities for the Court to exercise personal jurisdiction over Integral, Defendant's motion will be denied without prejudice to allow Plaintiffs jurisdictional discovery.

A.  The Effects Test

Plaintiffs first assert that because Integral knew Plaintiffs were residents of Hawaii and because it knew of the Kowalski Patent, any infringing products it sold were intentional acts expressly aimed at Plaintiffs.[2]  Integral counters that its products do not infringe the Kowalski Patent, but that even if they did, such sales would not constitute "express aiming" under the Ninth Circuit's effects test.

Although Federal Circuit law governs this dispute, it provides little help in deciding this particular question.  Because the Ninth Circuit has developed a substantially greater body of law in this area than other circuits, and because Ninth Circuit law is particularly relevant here, the Court finds the Ninth Circuit's effects test doctrine very persuasive.  Under the Ninth Circuit's effects test, the relevant question is whether the knowing infringement of a foreign patent constitutes "individualized targeting" or is merely a "foreseeable effect" of the infringer's actions.  Pebble Beach Co., 453 F.3d at 1158.

Here, the Court finds that any out-of-forum sales of infringing product by Integral would not constitute "individualized targeting" of Kowalski or HISI.

---

[2]Plaintiffs also argue that "Integral directly targeted Kowalski/HISI by taking away at least one of Kowalski/HISI's existing customers, which was a direct targeting and affecting Hawaii residents Kowalski/HISI." (Pls.' Mem. Opp. 8.)  Plaintiffs have only hearsay to support these allegations, however, and so the Court may not consider this evidence.

Unlike in Bancroft & Masters Inc., where the out-of-forum defendant's very purpose in sending a letter was to cause a detrimental effect on the forum plaintiff, 223 F.3d at 1087, here, the purpose of Integral's sales was just to sell products. Plaintiffs have not alleged that Integral's intention was to cause a detrimental effect on Kowalski or HISI. It appears that at most, Integral was merely indifferent to any harm that its actions might cause. The alleged harm to Kowalski and HISI might well have been a foreseeable effect of infringement of the Kowalski Patent, but "foreseeable effects" alone are not sufficient for the exercise of personal jurisdiction, Pebble Beach Co., 453 F.3d at 1158.

The cases Plaintiffs cite do nothing to show that out-of-forum patent infringement constitutes express targeting of an in-forum patent owner. While several of Plaintiffs' cases find personal jurisdiction under Calder for out-of-forum patent infringement, these cases incorrectly assume that knowledge that the harm will occur is all that is required for personal jurisdiction. See Laitram Corp. v. OKI Electric Indus. Co. 1994 WL 24241, *5 (E.D. La.) (finding personal jurisdiction based on Calder for patent infringement where the out-of-forum plaintiff merely "knew of the existence" of the forum patent); Telemac Corp. v. Phonetec LP, 2005 WL 701605, *4 (N.D. Cal.) (finding personal jurisdiction in a patent infringement case because "knowledge that out-of-State actions will have an

7

effect in the forum State may be sufficient to create jurisdiction"). Mere knowledge of the forum effects, however, is insufficient to create personal jurisdiction under the Ninth Circuit's effects test. Pebble Beach Co., 453 F.3d at 1158.

Unless Plaintiffs here are able to show individualized targeting beyond mere knowledge that infringement of the patent would have an effect on Kowalski and HISI, the Court will not be able to exercise personal jurisdiction over Integral based on the effects test.

### B.  Relationship Between the Parties

Regardless of whether the Court has jurisdiction over Integral based on the effects test, Plaintiffs argue the Court has jurisdiction based on the relationship between Integral and other companies owned or controlled by Joaquin Lu. Although Plaintiffs have not been able to provide any evidence to support their allegations, they request jurisdictional discovery to investigate any possible connections between Integral and other companies over which the Court has jurisdiction. Because of the similar nature of the enterprises and the familial relationship between Joaquin and Carlos Lu, the Court will grant plaintiffs the jurisdictional discovery they seek.

Therefore, Defendant's motion to dismiss is DENIED WITHOUT PREJUDICE. The Court believes that this jurisdictional discovery can and should be completed within 120 days. If, after 120 days, Plaintiffs are still unable to produce sufficient evidence of either (1) individualized targeting or (2) a relationship between Integral and some other entity over which the Court has personal jurisdiction, Defendant may once again move for dismissal.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: November 14, 2006

Kowalski v. Integral Seafood LLC; ORDER DENYING WITHOUT PREJUDICE PLAINTIFF INTEGRAL SEAFOOD LLC'S MOTION TO DISMISS; Cv. No. 06-00182 BMK.