IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | ) ) ) | CIV. NO. 05–00679 BMK CIV. NO. 06-00182 BMK |
| | ) | |
| Plaintiffs, | ) ) | ORDER (1) GRANTING DEFENDANT INTEGRAL |
| vs. | ) ) | SEAFOOD, LLC'S MOTION TO DISMISS FOR LACK OF |
| INTEGRAL SEAFOOD LLC and CITRA MINA SEAFOOD CORPORATION also known as CITRA MINA SEAFOOD MARKET, | ) ) ) ) ) | PERSONAL JURISDICTION; (2) GRANTING PLAINTIFFS' COUNTER MOTION TO JOIN INTEGRAL SEAFOOD LLC UNDER RULE 25(C); AND (3) |
| | ) | DENYING WITHOUT PREJUDICE |
| Defendants. | ) ) | PLAINTIFFS' COUNTER MOTION TO JOIN MOMMY GINA TUNA |
| _____ | ) ) | RESOURCES, INC. |
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| MOMMY GINA TUNA RESOURCES, KING TUNA INC., JOAQUIN T. LU, also known as JAKE LU. | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER (1) GRANTING DEFENDANT INTEGRAL SEAFOOD, LLC'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; (2)
GRANTING PLAINTIFFS' COUNTER MOTION TO JOIN INTEGRAL
SEAFOOD LLC UNDER RULE 25(C); AND (3) DENYING WITHOUT
PREJUDICE PLAINTIFFS' COUNTER MOTION TO JOIN MOMMY GINA
<u>TUNA RESOURCES, INC.</u>

Before the Court are Defendant Integral Seafood LLC's second

motion to dismiss for lack of personal jurisdiction and Plaintiffs William R.

Kowalski and Hawaii International Seafood, Inc.'s counter motion to join Integral

Seafood LLC and Mommy Gina Tuna Resources, Inc. under Rule 25(c) of the

Federal Rules of Civil Procedure.  This motion was heard April 25, 2007.  After

careful consideration of the motion, the memoranda supporting and opposing the

motion, and arguments of counsel, the Court hereby (1) GRANTS Integral Seafood

LLC's motion to dismiss it from Case No. 06-00182 BMK for lack of personal

jurisdiction, (2) GRANTS Plaintiffs' motion to join Integral Seafood LLC to Case

No. 05-00679 BMK  under Rule 25(c), and (3) DENIES WITHOUT PREJUDICE

Plaintiffs' motion to join Mommy Gina Tuna Resources, Inc. to Case No. 05-

00679 BMK under Rule 25(c).

<u>BACKGROUND</u>

Plaintiffs William R. Kowalski ("Kowalski") and his company Hawaii

International Seafood, Inc. ("HISI") have filed several actions for infringement of a

patent issued to Kowalski on October 26, 1999,  U.S. Patent No. 5,972,401 ("the

2

Kowalski Patent").  The Kowalski Patent protects a process for smoking fish at extra-low temperature to allow the food to retain its fresh color without imparting the taste of smoke.  On October 26, 2005, Plaintiffs filed a patent infringement action against Defendants Joaquin "Jake" Lu ("Jake Lu"), Mommy Gina Tuna Resources ("MGTR"), and King Tuna, Inc. ("King Tuna"), Civil No. 05-00679 BMK.  On March 31, 2006, Plaintiffs filed a similar patent infringement action against Defendants Citra Mina Seafood Corporation ("Citra Mina") and Integral Seafood, LLC ("Integral"), Civil No. 06-00182 BMK.

All five of these defendants are related entities engaged in the seafood business.  MGTR is a sole proprietorship of Jake Lu.  King Tuna, Inc. is a California corporation incorporated by Jake Lu in August, 2003.  Citra Mina is a Phillipines corporation owned by Jake Lu.  Integral is a Delaware corporation with its principal office in New Jersey, and is managed by Carols Lu, the brother of Joaquin Lu.  Integral was formed in November of 2005.

On September 22, 2006, Integral filed a motion to dismiss for lack of personal jurisdiction.  The Court denied this motion without prejudice on November 14, 2006 (hereinafter "November 14 Order") and granted Plaintiffs jurisdictional discovery to determine whether personal jurisdiction existed.  Now that the allotted jurisdictional discovery period has expired, Integral has brought

this second motion to dismiss for lack of personal jurisdiction. Plaintiffs have

responded with a counter-motion requesting that even if the Court lacks personal

jurisdiction, Integral and an additional company, Mommy Gina Tuna Resources,

Inc. ("MGTR Inc."), formed in September, 2006, should be joined to the MGTR

action under Rule 25(c) of the Federal Rules of Civil Procedure.

<u>LEGAL STANDARDS</u>

Personal jurisdiction may be exercised where both the state long-arm

statute and the due process requirements of the Constitution are satisfied. <u>Silent</u>

<u>Drive v. Strong Indus., Inc.</u>, 326 F.3d 1194, 1201 (Fed. Cir. 2003). Hawaii's long-

arm statute allows personal jurisdiction to the extent allowed by due process. <u>See</u>

Hawaii Revised Statutes Annotated § 634-35 (2005). In patent infringement cases,

the issue of whether exercise of personal jurisdiction comports with due process

will be governed by Federal Circuit Law. <u>Silent Drive</u>, 326 F.3d at 1201.

Due process allows a court to exercise general jurisdiction over a

defendant who has "systematic and continuous" contacts with the forum state.

<u>Int'l Shoe v. State of Washington</u>, 326 U.S. 310, 320 (1945). Alternatively, a

court may exercise specific jurisdiction over a defendant where (1) the defendant

has purposefully directed its activities towards the forum state, (2) the action arises

out of these purposefully directed activities, and (3) jurisdiction is also reasonable

4

and fair.  <u>Akro Corp. v. Luker</u>, 45 F.3d 1541, 1546-47 (Fed. Cir. 1995).

One method of determining whether a defendant has purposefully directed its activities towards the forum state is to assess the "effects" of those activities on the forum state.  <u>Calder v. Jones</u>, 465 U.S. 783, 789 (1984).  In <u>Calder</u>, the effects caused in California by the "intentional, and allegedly tortious, actions" of the defendants in targeting a prominent and well-known California resident in a magazine article they authored created a sufficient grounds for personal jurisdiction because their actions were "expressly aimed at California." 465 U.S. at 789.

Some circuits have created an "effects" test to determine whether specific jurisdiction exists under <u>Calder</u>.  The Ninth Circuit has the most highly developed of these tests.  In the Ninth Circuit, a forum has jurisdiction over a defendant who has "(1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state."  <u>Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.</u>, 223 F.3d 1082, 1087 (9th Cir. 2000).  In <u>Bancroft & Masters</u>, the effects test was met where the Georgia defendant's letter to a third party challenged the California plaintiff's domain name because it constituted an intentional, "individualized targeting" of the California plaintiff.  <u>Id.</u>

5

Where there is no individualized targeting, however, but merely an action that causes a "foreseeable effect" in the forum state, the effects test will not be met. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1158 (2006).[1]

The Federal Circuit, while recognizing and applying the effects test of other circuits, has never developed its own independent effects test. See Silent Drive v. Strong Industries, Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003) (applying the Eight Circuit's effects test in a supplemental non-patent claim controlled by Eight Circuit law to find that the United States District Court for the Northern District of Iowa had specific jurisdiction over Texas defendants who obtained, and sought to enforce, a Texas state court injunction against the Iowa plaintiff).

When a motion to dismiss is brought prior to discovery, a plaintiff is required "only to make a prima facie showing" of jurisdiction. Silent Drive, 326 F.3d at 1201 (quoting Denapryl Animal Health, Inc. v. Univ. of Toronto Innovation Found., 297 F.3d, 1343 at 1348 (2002)). If a district court finds that "the existing record is insufficient to support personal jurisdiction," the plaintiff is "entitled to jurisdictional discovery." Trintec Indus., Inc. v. Pedre Promotional

---

[1]Some other circuits have limited Calder's reach more sharply than the Ninth Circuit. See Wallace v. Herron, 778 F.2d 391, 394-95 (5th Cir. 1985) (finding that "the so-called 'effects' test" did not go so far as to provide an Indiana court with personal jurisdiction over California residents who had allegedly engaged in the intentional tort of malicious prosecution of an Indiana resident by filing suit against him in California, even though the California defendants served interrogatories on the Indiana plaintiff).

Prods., Inc., 395 F.3d 1275, 1283 (Fed. Cir. 2005).

Courts also have personal jurisdiction over an entity which is the alter

ego of another party over which the Court already exercises personal jurisdiction.

See  Minnesota Mining & Mfg. Co. v. Eco Chem Inc., 757 F.2d 1256, 1265 (Fed.

Cir. 1985).  In Hawaii, to show that one entity is an alter ego of another entity, the

court must weigh the following eight factors, among others:

> 1) commingling or failing to separate funds; 2) "the failure to
> adequately capitalize a corporation"; 3) "the total absence of corporate
> assets, and undercapitalization"; 4) "the use of a corporation as a mere
> shell, instrumentality or conduit for a single venture or the business of
> an individual or another corporation"; 5) "the concealment and
> misrepresentation of the identity of the responsible ownership,
> management and financial interest"; 6) "the disregard of legal
> formalities and the failure to maintain arm's length relationships
> among the related entities"; 7) "the formation and use of a corporation
> to transfer to it the existing liability of another person or entity"; and
> 8) the parent's financing of the subsidiary.

Television Events & Marketing, Inc. v. Amcon Distributing Co., 416 F.Supp.2d

948, 962 (D. Haw. 2006) (quoting eight of the twenty-five factors listed in Roberts

Hawaii School Bus, Inc. v. Laupahoehoe Transp. Co., 91 Hawaii 224, 242 (1999)).

The standard for finding an alter ego relationship for the purposes of determining

personal jurisdiction is lower than the standard for finding such a relationship for

the purposes of liability.  Id.

In patent cases, a court need not have personal jurisdiction over a

party that has been properly joined to an action under Rule 25(c) of the Federal

Rules of Civil Procedure.  <u>Minnesota Mining & Mfg. Co.</u>, 757 F.2d at 1263.[2]

Under Rule 25(c), a person may be joined to an ongoing action where a party to the

action has transferred an interest to that person.  Fed. R. Civ. P. 25(c).

<u>DISCUSSION</u>

## I.  THE "EFFECTS" TEST

Plaintiffs once again assert that specific personal jurisdiction exists

over Integral based on the "effects" test of <u>Calder v. Jones</u>.[3]  In support of this

proposition, Plaintiffs again cite several unpublished district court cases that

assume knowledge the harm will occur is all that is required for personal

jurisdiction.  As the Court stated in its November 14 Order, however, mere

knowledge of the forum effects is insufficient to create personal jurisdiction.  <u>See</u>

<u>Pebble Beach Co.</u>, 453 F.3d at 1158.  Plaintiffs have not provided the Court with

any new facts showing any actions by Integral that individually targeted Plaintiffs

---

[2]Other courts, however, have found that a person cannot be joined under Rule 25(c) where the court does not have personal jurisdiction over the person.  <u>Panther Pumps & Equip. Co. v. Hydrocraft, Inc.</u>, 566 F.2d 8, 23 (7th Cir. 1977) (stating that "[t]he motion to substitute Universal faces an insurmountable obstacle: lack of personal jurisdiction" and that despite finding that Universal was "merely Beck's alter ego, that fact alone cannot confer personal jurisdiction over Universal").  This approach, however, would seem to defeat the very purpose of Rule 25(c).

[3]Plaintiffs nowhere assert the existence of general jurisdiction over Integral.

and caused effects in the forum.[4]  The Court does not have either general or special

personal jurisdiction over Integral.

## II.  ALTER EGO

Plaintiffs also argue for personal jurisdiction over Integral on the

ground that Integral is merely an alter ego of Jake Lu, and the Court already has

personal jurisdiction over Jake Lu.  While the Court recognizes that the standard

for showing an alter ego relationship is lower for purposes of determining personal

jurisdiction than it is for purposes of determining liability, Television Events &

Marketing, Inc., 416 F.Supp.2d at 962, Plaintiffs still fail to meet that lower

standard.

Plaintiffs show evidence of the presence of only two of the eight

factors that have been deemed most important: "the formation and use of a

corporation to transfer to it the existing liability of another person or entity," and

"the parent's financing of the subsidiary," id.  There has been no showing of the

commingling of funds between Jake Lu and Integral; no showing of the failure to

adequately capitalize Integral, or of the total absence of corporate assets; and no

evidence of the concealment and misrepresentation of the identity of the

---

[4]Plaintiffs assert that the transfer of assets to Integral by Jake Lu and MGTR constitutes individualized targeting of the Plaintiffs.  But Plaintiffs succeed only in showing that Lu and MGTR targeted Plaintiffs, not that Integral did so.

responsible ownership.  Plaintiffs have alleged the presence of some of the other

factors, such as the failure to maintain arm's length relationships and the use of the

corporation as a mere conduit for the business of an individual, but Plaintiffs have

failed to provide sufficient evidence of the presence of these factors.

After weighing the two factors Plaintiffs have shown against the six

they have failed to show, the Court finds that Integral is an independent

corporation which is not an alter ego of Jake Lu or MGTR.  Therefore the Court

does not have personal jurisdiction over Integral based on its personal jurisdiction

over Jake Lu and MGTR.  Integral's motion to dismiss it from Civ. No. 06-182

BMK is hereby GRANTED.

## III.  JOINDER UNDER RULE 25(C)

In their counter motion, Plaintiffs request that if Integral is dismissed

from Civ. No. 06-182 BMK, then it be joined to Civ. No. 05-679 BMK as a

transferee of interest under Rule 25(c) of the Federal Rules of Civil Procedure.

Plaintiffs also request that MGTR, Inc. be similarly joined to Civ. No. 05-679

BMK under Rule 25(c).

The Court finds that there are sufficient indicia of a transfer of

interest to Integral from Jake Lu and MGTR to join Integral to Civ. No. 05-679

BMK under Rule 25(c), but that Plaintiffs have not adequately shown that MGTR,

Inc. likely received a similar transfer of interest.  Plaintiffs' counter motion is

therefore GRANTED with respect to Integral and DENIED WITHOUT

PREJUDICE with respect to MGTR, Inc.

Plaintiffs have produced enough evidence for the Court to conclude

that Integral likely received a transfer of goodwill and business contacts from Jake

Lu and MGTR sometime after Plaintiffs patent infringement action was filed

against Lu and MGTR.[5]  First, Plaintiffs are able to provide substantial

circumstantial evidence that Integral must have received the goodwill and business

contacts of some other entity.  Plaintiffs show that Integral began to function as a

fully-formed, mature business shortly after it was formed in November of 2005.[6]

Plaintiffs produce a "Foreign Trade Report" which indicates that Integral imported

no fish until December 15, 2005, but that between December 15, 2005 and October

24, 2006, Integral imported 1,459,701 pounds of frozen tuna in 34 shipments, all of

which came from MGTR and Citra Mina.  (Pls.' Counter Motion, Ex. 41.)  This

evidence is buttressed by MGTR and Citra Mina packing lists and schedules of

---

[5]Plaintiffs do provide some evidence indicating that a transfer of cash may also have occurred.  (See Pls.' Counter Motion, Ex. 43 ("Customer Credit Transfers" which appear to show the transfer $10,000 dollars from Jake Lu to Integral on October 27, 2005, and another $20,000 on December 5, 2005).)  The real transfer of interest at issue here is not cash, however, but the goodwill and business contacts.

[6]The Court draws the date of Integral's formation from the document titled "Limited Liability Company Agreement of Integral Seafood, LLC" which is attached to Plaintiffs' Counter Motion as Exhibit 26.

shipments to Integral.  (Pls.' Counter Motion, Exs. 33, 40.)  The Court finds it

extremely unlikely that Integral could have begun operating in this manner without

acquiring some other entity's goodwill and business contacts.

While Plaintiffs do not provide irrefutable proof that Jake Lu and

MGTR were those other entities from which Integral acquired its goodwill and

business contacts, Plaintiffs are able to show that Jake Lu and MGTR were the

likely source.[7]  First, Integral was controlled by Jake Lu when it was initially

formed.  In the original November 2005 Limited Liability Company Agreement,

Jake Lu is listed as a 51% owner of Integral.  While Carlos Lu is listed along with

Jake Lu as a Managing Member, the agreement states that "in the event the

Managing Members disagree with respect to a particular decision, Joaquin will

make the final decision." (Pls.' Counter Motion, Ex. 26.)

Second, Integral was formed just weeks after Plaintiffs filed their

patent infringement action against Jake Lu and MGTR.  Third, all of Integral's

current product comes from companies owned or controlled by Jake Lu.  Together,

these facts provide a sufficient basis to assume that Integral did in fact receive a

---

[7]At the hearing, Plaintiffs stated that they were unable to obtain direct evidence of transfers of interest because Integral, Jake Lu, and MGTR refused to provide discovery regarding the companies' past and present customers.

valuable transfer of goodwill and business contacts from Jake Lu and MGTR.[8]

Should this assumption later prove incorrect, Integral may move for partial

summary judgment at the appropriate time.

   With respect to MGTR, Inc., however, Plaintiffs provide little

evidence to show that there was a transfer of interest from Jake Lu or MGTR.  The

only evidence Plaintiffs provide regarding MGTR, Inc. are the bylaws and stock

subscription information of MGTR, Inc.  These show a capitalization of

$10,000,000, most of which comes from "Citra Mina Holdings, Inc." and the rest

of which comes from members of the Lu family.  The purchase of stock, however,

is not the same as a transfer of interest for the purposes of Rule 25(c).  Plaintiffs

have not met their burden of showing a transfer of interest, and their counter

motion is DENIED WITHOUT PREJUDICE with respect to MGTR, Inc.

   The Court understands, however, that the parties have agreed to join

MGTR, Inc. to Civ. No. 05-679 BMK under Rule 20(a) of the Federal Rules of

---

[8]In its defense, Integral points out that a January 2, 2006 amendment to Integral's Limited
Liability Company Agreement made Carlos Lu the majority shareholder and sole Managing
Member. (Def.'s Reply, Ex. 1.)  It also points to promissory notes dated November 15, 2005
between Integral and Citra Mina (Def.'s Reply, Ex. 2) and between Integral and MGTR (Def.'s
Reply, Ex. 3) showing that these companies engage in arms' length transactions.  These facts,
however, do not refute the inference that regardless of how dependent or independent these
organizations are at this time, Integral received a substantial transfer of interest at its inception in
November of 2005.

Civil Procedure.  The Court expects that this joinder will happen no later than June 15, 2007.

<u>CONCLUSION</u>

For the foregoing reasons, the Court hereby (1) GRANTS Integral Seafood LLC's motion to dismiss it from Case No. 06-00182 BMK for lack of personal jurisdiction, (2) GRANTS Plaintiffs' motion to join Integral Seafood LLC to Case No. 05-00679 BMK  under Rule 25(c), and (3) DENIES WITHOUT PREJUDICE Plaintiffs' motion to join Mommy Gina Tuna Resources, Inc. to Case No. 05-00679 BMK under Rule 25(c).

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 4, 2007

<u>Kowalski v. Mommy Gina Tuna Resources</u>, Civ. No. 05-00679 BMK; <u>Kowalski v. Integral Seafood, LLC</u>, Civ. No. 06-00182 BMK; ORDER (1) GRANTING DEFENDANT INTEGRAL SEAFOOD, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; (2) GRANTING PLAINTIFFS' COUNTER MOTION TO JOIN INTEGRAL SEAFOOD LLC UNDER RULE 25(C); AND (3) DENYING WITHOUT PREJUDICE PLAINTIFFS' COUNTER MOTION TO JOIN MOMMY GINA TUNA RESOURCES, INC.

14