IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TUNA PROCESSORS, INC., | ) | CIV. NO. 05-00517 BMK |
| | ) | CIV. NO. 05-00679 BMK |
| Plaintiff, | ) | CIV. NO. 06-00182 BMK |
| | ) | CIV. NO. 05-00787 BMK |
| v. | ) | |
| | ) | |
| HAWAII INTERNATIONAL | ) | ORDER GRANTING MOTION |
| SEAFOOD, INC., | ) | FOR CLARIFICATION AND |
| | ) | RECONSIDERATION OF CLAIMS |
| Defendant/Counterclaim | ) | CONSTRUCTION ORDER |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WILLIAM R. KOWALSKI, | ) | |
| | ) | |
| Additional Counterclaim | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TUNA PROCESSORS, INC., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| WILLIAM R. KOWALSKI and | ) | |
| HAWAII INTERNATIONAL | ) | |
| SEAFOOD, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |

| | |
|---|---|
| MOMMY GINA TUNA RESOURCES, KING TUNA INC., and JOAQUIN LU, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| _____ | ) |
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| INTEGRAL SEAFOOD LLC, and CITRA MINA CORPORATION, | )<br>)<br>) |
| Defendants. | )<br>) |
| _____ | )<br>) |
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | )<br>)<br>)<br>)<br>) |
| Plaintiffs,<br>v. | )<br>)<br>) |
| RICHARD FRIEND, and SEAFRIEND, | )<br>)<br>) |
| Defendants. | )<br>) |
| _____ | ) |

ORDER GRANTING MOTION FOR CLARIFICATION AND<br>
<u>RECONSIDERATION OF CLAIMS CONSTRUCTION ORDER</u>

Before the Court is the motion of William R. Kowalski ("Kowalski") and Hawaii International Seafood ("HISI") to clarify and reconsider the Court's claims construction order filed on October 17, 2007, in the above-captioned cases. Specifically, Kowalski and HISI request the Court to (1) clarify that the word "heating," as used in Claims 1 and 67 of the Kowalski Patent, is not limited to a specific numerical temperature range, and (2) to vacate the finding of invalidity of those claims. After careful consideration of the motion, the supporting and opposing memoranda, and the relevant case law, the motion for clarification and reconsideration is hereby GRANTED.

DISCUSSION

On August 31, 2007, the Court held a <u>Markman</u> hearing to construe certain claims of U.S. Patent 5,972,401, titled "Process for Manufacturing Tasteless Super-Purified Smoke for Treating Seafood to be Frozen and Thawed," originally awarded to Kowalski on October 26, 1999 (hereinafter "Kowalski Patent"). During claims construction, HISI and Kowalski urged that the word "heating" in Claims 1 and 67 of the Kowalski Patent not be given the specific numerical temperature limitation requested by Plaintiff and Counterclaim Defendant Tuna Processors, Inc., and by Defendants Mommy Gina Tuna Resources, King Tuna, Inc., Joaquin Lu,

Seafriend, Richard Friend, Citra Mina Corporation, and Integral Seafood LLC (collectively, "TPI"). The Court ruled that the specifications, which "disclose[d] an operable temperature range of 204° to 510° C," did not support the broad language of the claim of "heating." (Claims Construction Order 19.) On this basis, the Court invalidated Claims 1 and 67 for violating the written description requirement of 35 U.S.C. § 112. It is this portion of the Claims Construction Order for which HISI and Kowalski request clarification and reconsideration.

Motions for reconsideration may only be brought if there has been (1) "[d]iscovery of new material facts not previously available," (2) "[i]ntervening changes in law," or (3) a "[m]anifest error of law or fact." Local Rule 60.1. Here, Kowalski and HISI assert that the Court made a manifest error of law by invalidating the claims during the claims construction process. Kowalski and HISI agree with the Court's implied finding that "heating" is broadly defined in Claims 1 and 67, but contend that the Court overstepped its bounds in taking the next step of invalidating those claims based on the specifications' failure to describe such a broad claim. The Court agrees.

Each claim of a patent is presumed to be valid. 35 U.S.C. § 282; Abbott Lab. v. Syntron Bioresearch, Inc., 224 F.3d 1343, 1357 (Fed. Cir. 2003). Patents may be held invalid for failure to meet the written description requirement

4

of 35 U.S.C. § 112 when narrow specifications fail to support a broad claim. Gentry Gallery, Inc. v. Berkline Corporation, 134 F.3d 1473, 1479 (Fed. Cir. 1998). However, invalidity under § 112 is a question of fact. Cordis Corp. V. Medtronic Ave., Inc., 339 F.3d 1352, 1364. To obtain a finding of invalidity under § 112 prior to trial, a party "must submit such clear and convincing evidence of invalidity such that no reasonable jury could find otherwise." Eli Lilly & Co. v. Barr Lab., Inc., 251 F.3d 955, 962 (Fed. Cir. 2001).

Here, in addressing the validity issue in the context of claims construction, the Court did not allow the parties the same opportunity to present facts that would have been afforded them in a summary judgment proceeding. In addition, the Court did not take into consideration whether invalidity had been demonstrated by clear and convincing evidence.

TPI argues that the Court's finding of invalidity was nonetheless appropriate because *sua sponte* summary judgment can be proper where no material dispute of facts exists, and there has been adequate time to develop necessary facts. (TPI Mem. Opp. (citing Fuller v. City of Oakland, 47 F.3d 1522, 1533 (9th Cir. 1995).) Here, however, the Court does not believe that the parties were given adequate time to develop necessary facts, or to make the sorts of arguments that would have been raised in a summary judgment proceeding. In addition, TPI was

never forced to prove invalidity with clear and convincing evidence.  C.f. Fin Control Sys. Pty, Ltd. v. OAM Inc., 265 F.3d 1311, 1312 (Fed. Cir. 2001) (stating that "the district court's *sua sponte* grant of summary judgment of invalidity and unenforceability was procedurally improper because it did not provide the parties with adequate notice or an opportunity for FCS to present evidence and argument in opposition to the motion").  Accordingly, the Court hereby VACATES that portion of its Claims Construction Order that found Claims 1 and 67 of the Kowalski Patent to be invalid under § 112.

      Kowalski and HISI have also requested that the Court clarify that it has construed the word "heating," as used in Claims 1 and 67 of the Kowalski Patent, as not limited to any specific numerical range.  This is correct.  While the Court continues to believe that the specifications of the Kowalski Patent describe a process significantly more limited than the "heating" claimed in Claims 1 and 67, these limitations may not be read into the broad claim.  See Conoco, Inc. v Energy & Envtl., 460 F.3d 1349, 1358 (Fed. Cir. 2006) (affirming that "when a claim term is expressed in general descriptive words, we will not ordinarily limit the term to a numerical range that may appear in the written description or in other claims") (quoting Renishaw PLC v. Marposs Societa' per Azioni, 158 F.3d 1243, 1249 (Fed. Cir. 1998)).  If TPI wishes to challenge the validity of this claim based on the

failure to adequately describe "heating" in the specifications, TPI may do so at the proper time. For the moment, however, the Court CLARIFIES that the word "heating," as used in Claims 1 and 67 of the Kowalski Patent, is not limited to any specific temperature range.

## CONCLUSION

The Court's Claims Construction Order for the Yamaoka and Kowalski Patents, filed on September 17, 2007, is hereby reconsidered and amended such that (1) the portion of the order invalidating the Kowalski Patent's Claims 1 and 67 is VACATED; and, (2) the Court clarifies that "heating," as used in Claims 1 and 67 is not limited to any specific numerical temperature range.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: November 15, 2007

Tuna Processrs, Inc. v. Hawaii Seafood International, Civ. No. 05-00517 BMK; Kowalski v. Mommy Gina Tuna Resources, et al., Civ. No. 05-00679 BMK; Kowalski v. Integral Seafood LLC; Civ. No. 06-00182 BMK; Kowalski v. Friend; Civ. No. 05-00787 BMK; ORDER GRANTING MOTION FOR CLARIFICATION AND RECONSIDERATION.