IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI, | ) | Civ. No. 05-00679 BMK |
| | ) | Civ. No. 06-00182 BMK |
| Plaintiff, | ) | Civ. No. 05-00787 BMK |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | DEFENDANTS' MOTION FOR |
| MOMMY GINA TUNA | ) | PARTIAL SUMMARY |
| RESOURCES, *et al.*, | ) | JUDGMENT ON WRITTEN |
| | ) | DESCRIPTION INVALIDITY AND |
| | ) | DENYING PLAINTIFF'S CROSS- |
| Defendants . | ) | MOTION FOR PARTIAL |
| _____ | ) | SUMMARY JUDGMENT ON |
| | ) | DEFENDANTS' WRITTEN |
| WILLIAM R. KOWALSKI, | ) | DESCRIPTION DEFENSE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITRA MINA SEAFOOD | ) | |
| CORPORATION | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| WILLIAM R. KOWALSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD FRIEND , and | ) | |
| SEAFRIEND | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WRITTEN DESCRIPTION INVALIDITY AND DENYING PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' WRITTEN DESCRIPTION DEFENSE

Now before the Court is a motion for partial summary judgment filed by Defendants Mommy Gina Tuna Resources, King Tuna, Inc., Joaquin Lu, Citra Mina Seafood Corporation, Richard Friend, and Seafriend (collectively, "the Defendants") to invalidate the patent of Plaintiff William R. Kowalski ("Kowalski") for failing to meet the written description requirement of 35 U.S.C. § 112.  Kowalski opposes Defendants' request for summary judgment, and filed a cross-motion for summary judgment on this same issue.  These motions were heard on August 19, 2008.  After careful consideration of the motions, the supporting and opposing memoranda, and the arguments of counsel, both Defendants' and Kowalski's motions are hereby DENIED.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment are only granted when the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law.  Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, courts must

resolve all ambiguities and draw all factual inferences in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Avia Group Int'l v. L.A. Gear California Inc., 853 F. 2d 1557, 1560 (Fed Cir. 1988).

The court's function in deciding a motion for summary judgment is not to try issues of fact, but to determine whether there are any issues to be tried. Anderson, 477 U.S. at 249. If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. Hodash v. Block Drug Co., 786 F.2d 1136, 1141 (Fed. Cir. 1986)

The movant bears the initial burden of demonstrating the absence of all genuine issues of material fact. Cooper v. Ford Motor Co., 748 F.2d 677, 679 (Fed. Cir. 1984). Once this initial showing is made by the movant, the burden then shifts to the nonmovant to demonstrate the existence of a genuine dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

An accused infringer in a patent case may obtain summary judgment by either: (1) "providing evidence that would preclude a finding of infringement or (2) "by showing that the evidence on file nails to establish a material issue of facts

essential to the patentee's case." <u>Novartis Corp. V. Ben Venue Laboratories, Inc.</u>, 271 F.3d 1043, 1046 (Fed. Cir. 2001).

## THE WRITTEN DESCRIPTION REQUIREMENT

A patent must contain a "written description" of the invention that is claimed. 35 U.S.C. § 112 (stating that "[t]he specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains . . . to make and use the same"). A patent's claims are invalid "when the entirety of the specification clearly indicates that the invention is of a much narrower scope" than what is claimed. <u>Cooper Cameron Corp. v. Kvaerner Oilfield Prods., Inc.</u>, 291 F.3d 1317, 1323 (Fed. Cir. 2002). "The purpose of the written description requirement is to prevent an applicant from later asserting that he invented that which he did not." <u>Amgen, Inc. v. Hoechst Marion Roussell, Inc.</u>, 314 F.3d 1313, 1330 (Fed. Cir. 2003).

Determining whether a patent meets the written description requirement is a question of fact which "involves examining what an ordinary skilled artisan would have known at the time the patent was filed," <u>Scanner Techs.</u>

Corp. v. Icos Vision Sys. Corp., N.V., 253 F.Supp.2d 624, 633 (S.D.N.Y. 2003). Summary judgment on the written description requirement is not appropriate "if there is conflicting evidence as to what one of ordinary skill in the art would have known." Id. Moreover, since patents and each of their claims are presumed valid, a patent's failure to meet the written description requirement must be proved by clear and convincing evidence. Cordis Corp. v. Medtronic Ave., Inc., 339 F.3d 1352, 1363 (Fed. Cir. 2003); see also 35 U.S.C. § 282.

## BACKGROUND

Plaintiff Kowalski is the owner of U.S. Patent 5,972,401, titled "Process for Manufacturing Tasteless Super-Purified Smoke for Treating Seafood to be Frozen and Thawed," awarded to him on October 26, 1999 (hereinafter "the Kowalski Patent"), and has filed patent infringement actions against Defendants. On August 31, 2007, the Court held a Markman hearing to construe Claims 1 and 67 of the Kowalski Patent. Claim 1 of the Kowalski Patent claims:

> 1. A process for treating meat comprising:
> heating organic material to generate smoke having a gaseous vapor phase;
> super purifying said smoke to reduce taste imparting components below thresholds for imparting smoke odor and taste, whereby a substantially tasteless super-purified smoke is created; and
> treating meat having a freezing point with said tasteless super-purified smoke.

(Kowalski Patent, Col. 22 -23, at 65.)  Claim 67 of the Kowalski Patent claims:

> 67.  A process for treating food comprising:
> heating organic material to generate smoke;
> filtering components that impart smoke flavor from said
> > Smoke to below limits for imparting smoke flavoring to food; and
>
> exposing said filtered smoke to food without imparting a smoke flavor
> > to said food.

(Kowalski Patent, Col. 28, at 11-18.)   Following the hearing, the Court determined that the word "heating," as used in Claims 1 and 67, is not limited to any specific numerical temperature range.  (Order Granting Motion For Clarification And Consideration of Claims Construction Order, filed Nov. 15, 2007, at 7.)

Defendants have now moved for summary judgment against Kowalski on the ground that the Kowalski patent is invalid for failing to meet the written description requirement of 35 U.S.C. § 112.   Kowalski filed a cross-motion for summary judgment against Defendants on their written description defense.

DISCUSSION

Defendants contend that the Kowalski Patent is invalid because although the Court construed the word "heating" in Claims 1 and 67 as having no temperature range limitation, the specification of the Kowalski patent "routinely

and consistently identifies three narrow temperature ranges for heating the organic material: (1) the operable temperature range, (2) the preferred temperature range and (3) the optimal temperature range." (Mem. Supp. 12 (emphasis removed).) Defendants argue that there is no genuine issue of material fact that unrestricted "heating" claims of the Kowalski Patent are impermissibly broader than the numerically bounded temperature ranges of its specification.

Kowalski responds by arguing that "[t]he specific temperature ranges discussed in portions of the specification" pertain not to the temperature ranges involved in treating food with tasteless smoke, but "only to the option of the minimization of the formation of possibly deleterious polycyclic aromatic hydrocarbons (PAHS), and volatile organic compounds (VOCs)." (Mem. Opp. 8 (emphasis removed).) He contends that the specifications' discussions of the temperature ranges at which VOCs and PAH's can be eliminated "are about trying to reduce cancer risk, not about the invention of not imparting smoke taste to food." (Mem. Opp. 9.)

In addition, Kowalski argues that a person of ordinary skill in the art would know that smoke used in the Kowalski Patent could be produced at temperatures outside of those described in the patent's specification. In support of

this point, Kowalski produces a treatise by Professor Maga demonstrating smoke generation at temperatures well beyond the ranges discussed in Kowalski's patent (See Pl.'s Ex. 8) and United States Patent No. 3,462,282, issued in 1969, that discloses a process for creating liquid smoke by heating sawdust at a temperature below the ranges mentioned in the Kowalski Patent (See Pl.'s Ex. 9.)  Kowalski also provides a declaration by Dr. Maga, who states that "a person with ordinary skill in the art of processing food with smoke would not, after reading the Kowalski Patent and drawing upon that person's knowledge in the field, have gotten the impression that the only possible temperatures that could be used to generate smoke for Kowalski's tasteless smoke process were the temperatures between 204 and 510 degrees Centrigade . . . ."  (Pl.'s Ex. 7, ¶ 7.)

This evidence and expert testimony put forward by Kowalski is sufficient to establish a genuine issue of material fact as to whether a person of ordinary skill in the art would have known that the Kowalski patent described a process that included heating at any temperature.  To be sure, the plain language of the Kowalski patent pointed to by Defendants does provide a basis on which a reasonable jury could find, by clear and convincing evidence, that a person of

ordinary skill in the art would have believed that the patent described only a process for heating at a temperature range of 204 to 510 degrees.  Kowalski, however, has produced evidence and expert testimony to the contrary.  It will be up to the jury to weigh the Defendants evidence against Kowalski's evidence and to decide whether a person of ordinary skill in the art would have believed that the heating process described by the Kowalski patent was limited to a specific, numerically bounded temperature range. Accordingly, Defendants' motion for summary judgment is hereby DENIED.

Kowalski not only opposes Defendants' motion for summary judgment, however, but asks the Court to go one step further and grant him summary judgment on the ground that the evidence "shows conclusively that the claims of the Kowalski Patent do not exceed the specification" (Mem. Opp. 24). Kowalski's primary argument is that he is entitled to summary judgment as a matter of law since the claims in Kowalski's original patent application when it was first filed did not then–as they do not now–include any numerical temperature ranges.  He relies on case law which states that "[t]he original claims as filed are part of the patent specification," Northern Telecom, Inc. v. Datapoint Corp., 908

F.2d 931, 938 (Fed. Cir. 1990). Based on this language, and on similar statements in other cases, Kowalski contends that because the original claims are considered part of the specification, and because his present claims do not substantially differ from his original claims, then his present claims cannot be broader than the specification.

This argument strains logic. Kowalski's interpretation of <u>Northern Telecom</u> and the line of cases that discuss patents' "original claims" would render the written description requirement null. Under Kowalski's interpretation, no patent could ever be invalid for failing to meet the written description requirement as long as a patent's originally filed claims were substantially the same as the claims ultimately accepted by the Patent and Trademark Office because the specification would *always* be as broad as the claims.

This cannot be the case, and it is not. <u>Northern Telecom</u> stands not for the proposition that original claims are part of the specification for purposes of determining compliance with the written description defense, but rather for the proposition that original claims are part of the specification for the purpose of determining an applicant's right to later amend the patent. <u>See</u> <u>Northern Telecom,</u>

908 F.2d at 938 (looking to the claims as originally filed in determining whether an attorney had intentionally misrepresented the purpose and nature of certain amendments to the patent made before the patent was issued); see also In re Benno, 768 F.2d 1340, 1346 (Fed. Cir. 1985) (relied upon by Northern Telecom) (stating that "[w]hile it is true . . . that 'a claim is part of the disclosure,' that point is of significance principally in the situation where a patent application as filed contains a claim which specifically discloses something not disclosed in the descriptive part of the specification . . . in which case the applicant may amend the specification without being charged with adding 'new matter'").

      Kowalski is not entitled to summary judgment as a matter of law based on his original claims' lack of any specific numerical range. In addition, as the Court previously mentioned, the language of the Kowalski patent itself–indicating a numerically limited "operable" range and unlimited "heating" claims–establishes a genuine issue of material fact with respect to the written description requirement. Accordingly, Kowalski's cross motion for partial summary judgment is hereby DENIED.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment for invalidity on the basis of the written description requirement and Plaintiff's cross-motion for summary judgment on Defendants' written description defense are hereby DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 27, 2008.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Kowalski v. Mommy Gina Tuna Resources, Civ. No. 05-00679 BMK; Kowalski v. Citra Mina Seafood Corp, Civ. No. 06-00182 BMK; Kowalski v. Friend; Civ. No. 05-00787 BMK; ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WRITTEN DESCRIPTION INVALIDITY AND DENYING PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' WRITTEN DESCRIPTION DEFENSE.