IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI, | ) | CIV. NO. 05-00679-BMK |
| | ) | CIV. NO. 05-00787-BMK |
| Plaintiff, | ) | CIV. NO. 06-00182-BMK |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| MOMMY GINA TUNA | ) | MOTION TO CONSOLIDATE |
| RESOURCES, et al. | ) | CASES FOR TRIAL AND TO |
| | ) | DISMISS CLAIMS AGAINST |
| Defendants. | ) | RICHARD FRIEND AND |
| _____ | ) | SEAFRIEND |
| WILLIAM R. KOWALSKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| INTEGRAL SEAFOOD LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| WILLIAM R. KOWALSKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD FRIEND, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE
CASES FOR TRIAL AND TO DISMISS CLAIMS AGAINST
<u>RICHARD FRIEND AND SEAFRIEND</u>

Plaintiff moves to Consolidate for trial the cases of <u>Kowalski v. Mommy Gina Tuna Resources et al.</u>, Civil Number 05-00679 ("MGTR Case"), <u>Kowalski v. Integral Seafood LLC et al.</u>, Civil Number 06-00182 (Integral Case"), and <u>Kowalski v. Richard Friend et al.</u>, Civil Number 05-00787 ("Friend Case"). Plaintiff also moves to dismiss in the Friend Case the following claims: inducement against Defendant Richard Friend; willful infringement against Defendants Richard Friend and Seafriend; and monetary damages against Defendants Richard Friend and Seafriend. After careful consideration of the Motion, of Defendants' Memorandum in Opposition, and of the arguments by both parties, the Court hereby GRANTS Plaintiff's Motion to Consolidate and GRANTS Plaintiff's Motion to Dismiss Claims.

## BACKGROUND

These Motions stem from a complex course of patent infringement litigation. Plaintiff Kowalski holds the patent on a process for using smoke to preserve the appearance of freshness in tuna after freezing. Several cases involving different parties revolve around the same general nucleus of facts. At issue here are the MGTR Case, the Integral Case and the Friend Case. Following negotiations among the parties January 10-11, 2008, an agreement was reached to consolidate the MGTR Case and the Integral Case, but to try the Friend Case

separately. (Def. Opp. 4). This decision was based on a determination that the factual and legal issues in the Friend Case were sufficiently different from those in the other two cases to warrant a separate trial.

On January 17, 2008, the Court issued an Amended Rule 16 Scheduling Order ("Scheduling Order") that established a timeline for the cases. The Scheduling Order provided that all motions in the cases were to be filed by August 6, 2008, excepting motions in limine and discovery motions. (Scheduling Order 2 ).

By Motion filed September 4, 2008, Plaintiff again proposed consolidating the Friend Case with the MGTR and Integral Cases. The Defendants opposed the motion and the Court at that time concurred with Defendants because "there remain[ed] significant differences among the cases that weigh against consolidation. Perhaps most significant is that the complaint in [the Friend Case] includes allegations of inducement to infringe. . . . Asking a jury to parse the proof of inducement as opposed to direct infringement while also keeping track of the factual differences among parties risks confusion." (Order Denying Plaintiff's Motion to Consolidate, Denying Defendants' Motion to Strike Plaintiff's Motion to Consolidate, and Denying Defendants' Motion to Strike Plaintiff's Pretrial Conference Statement 5)("Order Denying Motion to Consolidate").

By letter dated October 6, 2008, Plaintiff once more raised the

question of consolidation. This time, however, Plaintiff also proposed dropping certain claims against Defendants Friend and Seafriend, provided that the Friend Case be consolidated with the MGTR and Integral Cases for trial. Specifically, Kowalski proposed dismissing (1) the claim of inducement to infringe against Friend, (2) the claim for willful infringement against Friend and Seafriend, and (3) all claims for monetary damages against Friend and Seafriend. The Court requested additional briefings from the parties, and heard oral arguments on October 17, 2008.

## STANDARD OF REVIEW

Federal Rules of Civil Procedure 42(a) grants the Court broad discretion to consolidate actions that "involve a common question of law or fact" when doing so would "avoid unnecessary cost or delay." The Court must weigh the gains in judicial efficiency against any threat of prejudice or confusion to determine the most efficient method of disposition that preserves access to a fair and impartial trial. Sw. Marine, Inc. v. Triple A Mach. Shop, Inc. 720 F. Supp. 805, 807 (N.D. Cal. 1989). The burden is on the moving party to prove that consolidation is warranted. Servants of the Paraclete, Inc. v. Great American Ins. Co., 866 F. Supp. 1560, 1572 (D. N.M. 1994).

## ANALYSIS

Plaintiff Kowalski has proposed dismissing (1) the claim of inducement to infringe against Friend, (2) the claim for willful infringement against Friend and Seafriend, and (3) all claims for monetary damages against Friend and Seafriend. Subsequent to the initial answer to a complaint "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal with prejudice of these claims would promote judicial efficiency and conserve the resources of both Plaintiff and Defendants. However, Kowalski's proposal to dismiss is conditioned on consolidation for trial of the Friend Case with the MGTR and Integral Cases. Therefore the Court must first consider whether consolidation of these cases is proper.

There is no doubt that consolidation would reduce the expenditure of time and money by the parties. It is also clear that the interest of judicial efficiency would be served by consolidation. One trial will consume less judicial resources than two. A consolidated trial also avoids the risk of inconsistent judgments, as both trials would focus on the validity of the Kowalski Patent. Therefore, the Court must determine whether the clear gains in judicial efficiency are outweighed by the risk of prejudice to the Defendants.

**A.**     **Prejudice to Friend**

In the case of Friend, the Court is convinced that, not only will he not be prejudiced, but also that consolidation is decidedly in his interest. Kowalski has agreed to dismiss virtually all remaining claims against Friend.[1] Friend's only remaining exposure would be for injunctive relief. If injunctive relief is ultimately found to be appropriate, it would be shaped by the Court after judgment. Therefore, Friend can have his day in Court, litigate his defenses against the Kowalski Patent, while risking very little. The Court sees no prejudice as relates to Friend.

B.   **Prejudice to Jake Lu**

Jake Lu[2] and the other defendants in the MGTR and Integral Cases argue that they will be prejudiced by consolidation. They offer two principle arguments: (1) that consolidation creates a significant risk of confusion by the jury, and (2) that the untimeliness of the Motion prejudices the Defendants. The Court will address these objections in turn.

Defendants argue that the jury will "be confused and may impute

---

[1] By order dated September 9, 2008, summary judgment was granted against Friend and Seafriend on Kowalski's claim for infringement. (Order Further Construing the Kowalski Patent, and Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment on Infringement ("Order Granting Summary Judgment on Infringement")).

[2] Jake Lu and his immediate family are the sole or partial owners of some or all of the corporate and business parties in the MGTR and Integral Cases.

Friend's actions onto Lu and his companies." (Def. Opp. 9). This risk is greatest, Defendants contend, in relation to the claim of willful infringement, in defense against which, "Lu will have to rely on his companies [sic], and his own personal actions to show he did not act in an objectively reckless way." (Def. Opp. 8-9). Defendants argue that to avoid confusion, "Lu would need to retain separate counsel to separate himself from Friend in the minds of the jury." (Def. Opp. 7).

   Defendants overstate the risk of prejudice that consolidation poses to their defense. It should be noted that the MGTR, Integral and Friend Defendants have proceeded in virtual lockstep in their litigation of the case to this point – they have retained common counsel, and for the most part they have filed common motions, conducted common discovery, and retained common experts. The Court's Order Granting Summary Judgment on Infringement resolved the issue of infringement, likely to have been the most fact specific issue had it been heard at trial. The central issues remaining to be decided at trial are Defendant's affirmative defenses. These defenses will be decided exclusively based on the language of the Kowalski Patent, the nature of the prior art in the field, and to a lesser degree, Kowalski's conduct while prosecuting the patent application. None of these issues differ in relation to different individual Defendants, and therefore consolidation of these issues involves no risk of prejudice to Defendants.

The Court had previously agreed with Defendants that the Friend Case presented issues distinct from the MGTR and Integral Cases and that consolidation risked confusion. In this Court's order rejecting consolidation, the Court stated that the "most significant" difference between the cases was the "allegations of inducement to infringe" in the Friend Case. (Order Denying Motion to Consolidate 5). However, this obstacle has been eliminated by Plaintiff's proposal to dismiss the inducement claim.

Therefore, the only claim left on which confusion by the jury is even possible is the claim of willful infringement against Lu and his companies. Defendants worry that "the jury will be confused and may impute Friend's actions onto Lu and his companies." (Def. Opp. 9). However, the Court finds that there is only a marginal risk of such prejudice. Friend would be appearing at the trial as a key witness regardless of consolidation. Friend's relationship with Lu will undoubtedly be explored by counsel during the examination of Friend and other witnesses. Any misapprehension by the jury due to Friend's appearance as a co-defendant can be ameliorated through trial management and instructions to the jury. The Court finds that the minimal risk of confusion does not outweigh the benefits of consolidation.

**C.**     **Untimeliness**

Defendants argue that Plaintiff's Motion to Consolidate is inherently prejudicial "by its presentation and timing" and should be rejected on those grounds. The Court is cognizant and sympathetic to Defendants' contention that this matter might have been accomplished earlier in the proceedings. However, untimeliness alone should not prevent the Court from taking an action that promotes judicial efficiency, benefits most parties and prejudices none.

The Court has made clear exactly what actions it was considering and has provided opportunity for the parties to present their positions, both by memoranda and at the October 17, 2008 hearing. The Court carefully considered Defendant's Memorandum in Opposition. The Court does not believe that preparations for a consolidated trial will prejudice Defendants, even at this late hour. All affirmative defenses to the Kowalski Patent are identical for all Defendants. The Friend Case has been pared down to those common affirmative defenses, and in any event, the Friend trial was scheduled to begin immediately after the trial of the MGTR and Integral Cases. Consolidation does not significantly change Defendants' trial preparation schedule.

Given that consolidation of these cases is appropriate and will not significantly prejudice Defendants, dismissal of Plaintiff's claims against Friend and Seafriend is also appropriate. Therefore the Court GRANTS Plaintiff's

Motion to Consolidate and GRANTS Plaintiff's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Consolidate and GRANTS Plaintiff's Motion to Dismiss. The following claims are dismissed with prejudice: (1) the claim of inducement to infringe against Friend, (2) the claim for willful infringement against Friend and Seafriend, and (3) all claims for monetary damages against Friend and Seafriend.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, October 24, 2008.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Kowalski v. Mommy Gina Tuna Resources, et al., Civ. No. 05-00679 BMK; Kowalski v. Integral Seafood LLC, et al., Civ. No. 06-00182 BMK; Kowalski v. Friend, et al., Civ. No. 05-00787 BMK; ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE CASES FOR TRIAL AND TO DISMISS CLAIMS AGAINST RICHARD FRIEND AND SEAFRIEND